HOFMANN & SCHWEITZER
*Attorneys for Plaintiff Edward Acosta*
212 West 35th Street, 12th Floor
New York, New York 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------X
EDWARD ACOSTA,

Plaintiff,

against-

Docket No.: 2:22-cv-5038

COMPLAINT

PORT NEWARK CONTAINER TERMINAL, LLC,
PORTS AMERICA, INC. and A.P. MOLLER-MAERSK A/S d/b/a
MAERSK LINE, LIMITED, MAERSK SEALAND.

Defendants.
---------------------------------------------------------------------X

**JURY TRIAL DEMANDED**

Plaintiff, EDWARD ACOSTA, claims of the defendants, PORT NEWARK CONTAINER TERMINAL, LLC, PORTS AMERICA, INC. and A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE, LIMITED and MAERSK SEALAND, damages upon the following causes of action:

**JURISDICTION AND PARTIES**

1. Plaintiff is a citizen of the State of New Jersey.

2. Upon information and belief, at all times herein mentioned defendant, PORTS AMERICA, Inc. (hereinafter “PA”) was/is a corporation incorporated pursuant to the laws of the State of Delaware, regularly conducts business in New Jersey and maintains a principal place of business in New Jersey located at 99 Wood Avenue South, Iselin, New Jersey 08820.

3. Upon information and belief, at all times herein mentioned defendant, Port Newark Container Terminal, L.L.C. (hereinafter "PNCT") is a limited liability company incorporated pursuant to the laws of the State of Delaware and maintains a principal place of business at 241 Calcutta Street, Newark, NJ 07114.

4. Upon information and belief, at all times herein mentioned defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND (hereinafter "MAERSK") was and still is a business entity duly organized and existing under the law of a foreign county, with an office and place of business at 180 Park Ave Ste 105 Florham Park, NJ, 07932.

5. Upon information and belief, at all times hereinafter mentioned, the M/V MAERSK SOFIA (hereinafter "MAERSK SOFIA"), was and still is a foreign flagged vessel and she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

6. At all times relevant herein, PA had an ownership interest in PNCT.

7. At all times relevant herein, PNCT had an ownership interest in PA.

8. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, and under the court's admiralty Jurisdiction, 28 U.S.C. § 1333 and through the operation of the Longshore and Harbor Workers Compensation Act, and in particular, 33 U.S.C. § 901 et seq.

9. Venue is properly placed in the United States District Court for the District of New Jersey since the incident occurred here, defendants PNCT and PA maintain its place of business here, many of the witnesses are located here, and this is the most convenient place for the trial.

10. The container ship/vessel, MAERSK SOFIA, upon information and belief, is a Singapore-flagged vessel traversing United States waters and on August 15, 2020 was in the navigable waters of New Jersey.

**AS AND FOR A FIRST CAUSE OF ACTION**
**NEGLIGENCE AGAINST PORT NEWARK CONTAINER TERMINAL**

11. At all times relevant herein and on August 15, 2020, PNCT owned the Port Newark Container Terminal, a maritime facility used for the loading and loading of vessels. Said facility is located at 241 Calcutta Street, Newark, New Jersey 07114. Said facility will hereinafter be referred to as the "Terminal".

12. On or about August 15, 2020, PNCT leased the Terminal.

13. On or about August 15, 2020, PNCT operated the Terminal.

14. On or about August 15, 2020, PNCT possessed the Terminal.

15. On or about August 15, 2020, PNCT maintained the Terminal.

16. On or about August 15, 2020, PNCT managed the Terminal.

17. On or about August 15, 2020, PNCT controlled the Terminal.

18. On or about August 15, 2020, PNCT oversaw the loading and unloading of vessels at the Terminal.

19. On or about August 15, 2020, PNCT owned the cranes that were used for the the loading and unloading of vessels at the Terminal.

20. On or about August 15, 2020, PNCT employed the crane operators who operated the cranes that were used for the loading and unloading of vessels at the Terminal.

21. On or about August 15, 2020 a cargo ship known as the M/V MAERSK SOPHIA was docked at the Terminal.

22. On or about August 15, 2020 the M/V MAERSK SOPHIA was in the process of being unloaded at the Terminal.

23. On or about August 15, 2020 PNCT was overseeing the unloading of the M/V MAERSK SOPHIA at the Terminal.

24. On or about August 15, 2020 PNCT was supervising the unloading of the M/V MAERSK SOPHIA at the Terminal.

25. On or about August 15, 2020 one of PNCT's cranes was being used to unload shipping containers from the M/V MAERSK SOPHIA at the Terminal.

26. On or about August 15, 2020 one of PNCT's crane operators was using a crane to unload shipping containers from the M/V MAERSK SOPHIA at the Terminal.

27. On or about August 15, 2020, plaintiff, EDWARD ACOSTA, (hereinafter "plaintiff") was in the employ of A.G. Ship Maintenance as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

28. Pursuant to 33 U.S.C. §933, plaintiff is entitled to bring this claim against third parties whose negligence caused his injury.

29. On or about August 15, 2020 plaintiff was performing his work duties as a lasher, unlocking containers on board the MAERSK SOPHIA to facilitate its unloading at the Terminal.

30. On or about August 15, 2020 PNCT had a duty to provide plaintiff with a safe place to work while plaintiff was performing lashing duties that facilitated the unloading of the MAERSK SOPHIA at the Terminal.

31. On or about August 15, 2020 PNCT's crane was used to hoist plaintiff in a safety cage

and place him on top of shipping containers on the MAERSK SOPHIA so he could perform his work duties as a lasher, unlocking containers on the MAERSK SOPHIA to facilitate its unloading at the Terminal.

32. On or about August 15, 2020 PNCT's crane operator used a crane to hoist plaintiff in a safety cage and place him on top of shipping containers on the MAERSK SOPHIA so he could perform his work duties as a lasher, unlocking containers on the MAERSK SOPHIA to facilitate its unloading at the Terminal.

33. On or about August 15, 2020 plaintiff had to leave the safety cage and walk on top of shipping containers on the MAERSK SOPHIA in order to unlock containers so that they could be unloaded. During this process plaintiff was tethered to the safety cage.

34. On or about August 15, 2020 while plaintiff was working on top of a shipping container on the MAERSK SOPHIA, while tethered to the safety cage, suddenly and without warning the safety cage was hoisted by the crane and in turn plaintiff was hoisted as well and found himself dangling from the safety cage for an extended period of time, high above the pier below until the crane operator flew him back towards the ship and landed plaintiff on a container on the MAERSK SOPHIA.

35. During the incident described above, the movement of PNCT's crane caused plaintiff's body to jerk violently while plaintiff dangled from the safety cage, causing serious injuries that will be further discussed in greater detail.

36. During the incident described above, the negligent operation of the crane by PNCT's crane operator caused plaintiff's body to jerk violently while plaintiff dangled from the safety cage, causing serious injuries that will be further discussed in greater detail.

37. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the

defendant, PNCT, by its agents, servants, workmen and employees and by the dangerous conditions and appurtenances that existed while the vessel, MAERSK SOFIA was being unloaded at the Terminal on August 15, 2020.

38. Plaintiff's injuries were caused by statutory and regulatory violations, including but not limited to, the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

39. Defendant PNCT failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions relating to the unloading of the vessel MAERSK SOFIA at the Terminal, failed to provide adequate protections to plaintiff, failed to provide proper supervision of vessel unloading operations, failed to provide proper communication, failed to provide plaintiff with a safe place to work while he was engaged in vessel unloading operations and failed to warn of the hazardous conditions that existed on the vessel, MAERSK SOFIA.

40. Defendant, PNCT, as terminal operator, caused and created the hazardous conditions which caused plaintiff's injuries. Despite defendant, PNCT's, knowledge, in its capacity as terminal operator of the existence of these conditions, it failed to provide adequate equipment given the reasonable foreseeability of harm to plaintiff; it failed to provide a safe place for plaintiff to work and means to perform his lasher's duties upon the vessel; it failed to exercise that degree of care which a reasonably prudent terminal operator would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of its crane and crane operator; and is otherwise liable for plaintiff's injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it,

or those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

41. Due to the negligence of the defendant, PNCT, and the dangerous conditions on the vessel and at the Terminal as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his right shoulder, that required surgery, right wrist that required surgery, right arm, left ankle, back and psychological injuries; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

42. By reason of the foregoing, plaintiff claims compensatory damages in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

**AS AND FOR A SECOND CAUSE OF ACTION**

**NEGLIGENCE AGAINST PORTS AMERICA, INC.**

43. Plaintiff repeats and re-alleges each of the foregoing as if fully restated herein.

44. At all times relevant herein and on August 15, 2020, PA owned the Terminal.

45. On or about August 15, 2020, PA leased the Terminal.

46. On or about August 15, 2020, PA operated the Terminal.

47. On or about August 15, 2020, PA possessed the Terminal.

48. On or about August 15, 2020, PA maintained the Terminal.

49. On or about August 15, 2020, PA managed the Terminal.

50. On or about August 15, 2020, PA controlled the Terminal.

51. On or about August 15, 2020, PA oversaw the loading and unloading of vessels at the Terminal.

52. On or about August 15, 2020, PA owned the cranes that were used for the loading and unloading of vessels at the Terminal.

53. On or about August 15, 2020, PA employed the crane operators who operated the cranes that were used for the loading and unloading of vessels at the Terminal.

54. On or about August 15, 2020 a cargo ship known as the M/V MAERSK SOPHIA was docked at the Terminal.

55. On or about August 15, 2020 the M/V MAERSK SOPHIA was in the process of being unloaded at the Terminal.

56. On or about August 15, 2020 PA was overseeing the unloading of the M/V MAERSK SOPHIA at the Terminal.

57. On or about August 15, 2020 PA was supervising the unloading of the M/V MAERSK SOPHIA at the Terminal.

58. On or about August 15, 2020 one of PA’s cranes was being used to unload shipping containers from the M/V MAERSK SOPHIA at the Terminal.

59. On or about August 15, 2020 one of PA’s crane operators was using a crane to unload shipping containers from the M/V MAERSK SOPHIA at the Terminal.

60. On or about August 15, 2020, plaintiff, was in the employ of A.G. Ship Maintenance as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

61. Pursuant to 33 U.S.C. §933, plaintiff is entitled to bring this claim against third parties whose negligence caused his injury.

62. On or about August 15, 2020 plaintiff was performing his work duties as a lasher, unlocking containers on board the MAERSK SOPHIA to facilitate its unloading at the Terminal.

63. On or about August 15, 2020 PA had a duty to provide plaintiff with a safe place to work while plaintiff was performing lashing duties that facilitated the unloading of the MAERSK SOPHIA at the Terminal.

64. On or about August 15, 2020 PA's crane was used to hoist plaintiff in a safety cage and place him on top of shipping containers on the MAERSK SOPHIA so he could perform his work duties as a lasher, unlocking containers on the MAERSK SOPHIA to facilitate its unloading at the Terminal.

65. On or about August 15, 2020 PA's crane operator used a crane to hoist plaintiff in a safety cage and place him on top of shipping containers on the MAERSK SOPHIA so he could perform his work duties as a lasher, unlocking containers on the MAERSK SOPHIA to facilitate its unloading at the Terminal.

66. On or about August 15, 2020 plaintiff had to leave the safety cage and walk on top of shipping containers on the MAERSK SOPHIA in order to unlock containers so that they could be unloaded. During this process plaintiff was tethered to the safety cage.

67. On or about August 15, 2020 while plaintiff was working on top of a shipping container on the MAERSK SOPHIA, while tethered to the safety cage, suddenly and without warning, the safety cage was hoisted by the crane and in turn plaintiff was hoisted as well, and found himself dangling from the safety cage for an extended period of time, high above the pier below until the crane operator flew him back towards the ship and landed plaintiff on a container on the MAERSK SOPHIA.

68. During the incident described above, the movement of PA's crane caused plaintiff's body to jerk violently while plaintiff dangled from the safety cage, causing serious injuries that will be further discussed in greater detail.

69. During the incident described above, the negligent operation of the crane by PA's crane operator caused plaintiff's body to jerk violently while plaintiff dangled from the safety cage, causing serious injuries that will be further discussed in greater detail.

70. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the defendant, PA, by its agents, servants, workmen and employees and by the dangerous conditions and appurtenances that existed while the vessel, MAERSK SOFIA was being unloaded at the Terminal on August 15, 2020.

71. Plaintiff's injuries were caused by statutory and regulatory violations, including but not limited to, the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

72. Defendant PA failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions relating to the unloading of the vessel MAERSK SOFIA at the Terminal, failed to provide adequate protections to plaintiff, failed to provide proper supervision of vessel unloading

operations, failed to provide proper communication, failed to provide plaintiff with a safe place to work while he was engaged in vessel unloading operations and failed to warn of the hazardous conditions that existed on the vessel, MAERSK SOFIA.

73. Defendant, PA, as terminal operator, caused and created the hazardous conditions which caused plaintiff's injuries. Despite defendant, PA's, knowledge, in its capacity as terminal operator of the existence of these conditions, it failed to provide adequate equipment given the reasonable foreseeability of harm to plaintiff; it failed to provide a safe place for plaintiff to work and means to perform his lasher's duties upon the vessel; it failed to exercise that degree of care which a reasonably prudent terminal operator would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of its crane and crane operator; and is otherwise liable for plaintiff's injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it, or those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

74. Due to the negligence of the defendant, PA, and the dangerous conditions on the vessel and at the Terminal as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his right shoulder, that required surgery, right wrist that required surgery, right arm, left ankle, back and psychological injuries; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to

expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

75. By reason of the foregoing, plaintiff claims compensatory damages in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VESSEL NEGLIGENCE AGAINST MAERSK**

76. On or about August 15, 2020, defendant, MAERSK, was, the owner of the container ship MAERSK SOFIA.

77. Upon information and belief, at all times material hereto defendant, MAERSK, was the bareboat charterer, and/or was the owner pro hac vice of the vessel, MAERSK SOFIA.

78. Upon information and belief, at all times material hereto defendant, MAERSK, possessed the vessel, MAERSK SOFIA, in coastwise and intra-coastal commerce.

79. Upon information and belief, at all times material hereto defendant, MAERSK, operated the vessel, MAERSK SOFIA, in coastwise and intra-coastal commerce.

80. Upon information and belief, at all times material hereto defendant, MAERSK, managed the vessel, MAERSK SOFIA, in coastwise and intra-coastal commerce.

81. Upon information and belief, at all times material hereto defendant, MAERSK, controlled the vessel, MAERSK SOFIA, in coastwise and intra-coastal commerce.

82. On or about August 15, 2020 the MAERSK SOPHIA was docked at the Terminal.

83. On or about August 15, 2020 the MAERSK SOPHIA was in the process of being unloaded at the Terminal.

84. On or about August 15, 2020 MAERSK was overseeing the unloading of the M/V MAERSK SOPHIA at the Terminal.

85. On or about August 15, 2020 MAERSK was supervising the unloading of the M/V MAERSK SOPHIA at the Terminal.

86. On or about August 15, 2020 MAERSK was actively involved in the unloading of the M/V MAERSK SOPHIA at the Terminal.

87. On or about August 15, 2020, plaintiff was in the employ of A.G. Ship Maintenance as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

88. On or about August 15, 2020, plaintiff was performing lashing work for A.G. Ship Maintenance aboard defendant MAERSK's vessel, MAERSK SOFIA, while the vessel was upon the navigable waters of the United States at the Terminal.

89. On or about August 15, 2020, plaintiff was working on the vessel, MAERSK SOFIA, that was owned, operated, managed, bareboat chartered or otherwise within the control of defendant MAERSK.

90. Pursuant to 33 U.S.C. § § 905(b) and 933, plaintiff is entitled to bring a claim against vessel owners and operators where vessels cause him injury.

91. On or about August 15, 2020 plaintiff was performing his work duties as a lasher, unlocking containers on board the MAERSK SOPHIA to facilitate its unloading at the Terminal.

92. On or about August 15, 2020 MAERSK had a duty to provide plaintiff with a safe place to work while plaintiff was performing lashing duties that facilitated the unloading of the MAERSK SOPHIA at the Terminal.

93. On or about August 15, 2020 a crane at the Terminal was used to hoist plaintiff in a safety cage and place him on top of shipping containers on the MAERSK SOPHIA so he could perform his work duties as a lasher, unlocking containers on the MAERSK SOPHIA to facilitate its unloading at the Terminal.

94. On or about August 15, 2020 a crane operator at the Terminal used a crane to hoist plaintiff in a safety cage and place him on top of shipping containers on the MAERSK SOPHIA so he could perform his work duties as a lasher, unlocking containers on the MAERSK SOPHIA to facilitate its unloading at the Terminal.

95. On or about August 15, 2020 plaintiff had to leave the safety cage and walk on top of shipping containers on the MAERSK SOPHIA in order to unlock containers so that they could be unloaded. During this process plaintiff was tethered to the safety cage.

96. On or about August 15, 2020 while plaintiff was working on top of a shipping container on the MAERSK SOPHIA, while tethered to the safety cage, suddenly and without warning the safety cage was hoisted by the crane and in turn plaintiff was hoisted as well, and found himself dangling from the safety cage for an extended period of time, high above the pier below until the crane operator flew him back towards the ship and landed plaintiff on a container on the MAERSK SOPHIA.

97. During this incident the operation of the crane caused plaintiff's body to jerk violently while plaintiff dangled from the safety cage, causing serious injuries that will be further discussed in greater detail.

98. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the defendant, MAERSK, by its agents, servants, workmen and employees and by the dangerous conditions and appurtenances that existed while the vessel, MAERSK SOFIA was being unloaded at the Terminal on August 15, 2020.

99. Plaintiff’s injuries were caused by statutory and regulatory violations, including but not limited to, the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

100. Defendant MAERSK failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions relating to the unloading of the vessel MAERSK SOFIA at the Terminal, failed to provide adequate protections to plaintiff, failed to provide proper supervision of vessel unloading operations, failed to provide proper communication, failed to provide plaintiff with a safe place to work while he was engaged in vessel unloading operations and failed to warn of the hazardous conditions that existed on the vessel, MAERSK SOFIA.

101. Defendant MAERSK failed to provide plaintiff with a safe place to work, it failed to provide proper supervision, it filed to provide proper communication, it failed to exercise that degree of care which a reasonably prudent vessel owner would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of vessel unloading operations; and is otherwise liable for plaintiff’s injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it, or those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

102. Due to the negligence of the defendant, MAERSK, and the dangerous conditions on the vessel and at the Terminal as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his right shoulder, that required surgery, right wrist that required surgery, right arm, left ankle, back and psychological injuries; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

103. By reason of the foregoing, plaintiff claims compensatory damages in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

**WHEREFORE**, plaintiff, EDWARD ACOSTA, demands judgment against defendants, PORT NEWARK CONTAINER TERMINAL, LLC., PORTS AMERICA, INC. and MOLLER-MAERSK A/S d/b/a MAERSK LINE, LIMITED and MAERSK SEALAND, in the amount of $12,000,000.00 for past, present and future pain and suffering and all associated pecuniary losses and as aforesaid on the above causes of action and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 12, 2022

HOFMANN & SCHWEITZER

By:/s/ Timothy F. Schweitzer

Timothy F Schweitzer
Attorneys for Plaintiff
212 West 35th Street, 12th Floor
New York, N.Y. 10001
Tel: (212) 465-8840